1

2                    **UNITED STATES DISTRICT COURT**

3                         **DISTRICT OF NEVADA**

4                                * * *

5    EDWARD W. FISHER, JR.,              )
                                         )
6                        Plaintiff,      )
                                         )        2:11-cv-00226-JCM-LRL
7    v.                                  )
                                         )
8    STEWART CENTER, *et al.*,           )
                                         )
9                        Defendants.     )
                                         )
10   ————————————————————————————————————)

11                    **REPORT & RECOMMENDATION**

12         Plaintiff has filed an Application to Proceed *In Forma Pauperis* and a Complaint (#1) using the

13   court's form for filing a § 1983 civil rights action.

14         Plaintiff has filed his Application and Complaint in federal court.  He alleges that he suffered

15   a personal injury while doing culinary work as an inmate at the Las Vegas Detention Center.  Counts

16   I and II allege negligence in instructing him on how to use the chemical, sodium hydroxide, and

17   negligence in failing to provide him protective gear, both in violation of NRS 41.130.  Count III alleges

18   a violation of OSHA [Occupational Safety and Health Act].  In the section to request relief, plaintiff

19   states, "pain and suffering for hand disfiguration punitive damages $."

20         The Application and Complaint should be dismissed because this court lacks subject-matter

21   jurisdiction to hear the claims.  Fed.R.Civ.P. 12(h)(3).  Federal courts have two main sources of subject

22   matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  Under federal question

23   jurisdiction, a litigant may bring a claim in federal court if the claim or claims arise under federal law.

24   28 U.S.C. § 1331.  Diversity jurisdiction permits individuals to bring claims that do not arise under

25   federal law – for example, state law claims – where the claim exceeds $75,000 *and* the parties are

26   citizens of different states.  28 U.S.C. § 1332.

While Count III asserts a violation of OSHA, which is a federal statute, that statute does not provide for a private right of action.  *See Merritt v. Bethlehem Steel Corp.*, 875 F.2d 603, 608 (1989) ("[plaintiff] seeks to create a private right of action where none exists") (citing *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-77 (5th Cir.1975); *Russell v. Bartley*, 494 F.2d 334, 335-36 (6th Cir.1974)). Only the government may file a lawsuit against an employer alleging violations of OSHA safety regulations.  Counts I and II do not call upon the court's federal question jurisdiction to hear the claims because both allege a claim under state, not federal, law.  Plaintiff asserts claims of negligence pursuant to Nevada state regulations, but he does not indicate that he and the defendants are citizens of different states; nor does he pray for monetary relief in an amount greater than $75,000.  The court therefore lacks diversity jurisdiction to hear the claims.

### RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff's Application and Complaint (#1) be dismissed without prejudice.

DATED this 31st day of March, 2011.

_____

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

2